## ACTION AGAINST GUARANTOR OF COMPLETION OF CONTRACT.

Circuit Court of Cuyahoga County.

### THE WESTERN STRAWBOARD CO. v. THE VARIETY IRON WORKS CO.*

Decided, May 31, 1910.

*Statute of Limitations—Guaranty—Corporations—Ultra Vires Contract.*

1. In an action against a guarantor of a contract for the construction of a mill or plant which provides that in the event the contractor fails to complete the plant within a certain time, the plaintiff may complete it and be repaid its expenditures in that behalf, where the contractor fails and the plaintiff elects to proceed and complete the plant, the statute of limitations begins to run against the guarantor for money so expended from the date of the completion by the plaintiff of the plant and not from the date of the default of the contractor.

2. A corporate contract, such as one of guaranty, made without legislative sanction, and hence *ultra vires*, but neither *malum in se* nor expressly prohibited, is not *necessarily* illegal, so as to preclude action upon it, and if it is fully performed on the part either of the corporation or of the other contracting party, neither will be permitted to insist that the contract so performed by one party is outside the corporate power of the corporation.

*Henderson, Quail & Siddall,* for plaintiff in error.
*Cook, McGowan & Foote,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The sole question here is upon the sufficiency of the amended petition below, demurrer to which was there sustained because the cause of action was barred by the fifteen year statute of limitation.

The action was brought upon the defendant's written guaranty to the plaintiff of the full performance by the Central Paper & Fiber Co. of the latter's agreement with plaintiff's assignor to

*Affirmed without opinion, *Variety Iron Works* v. *Western Strawboard Co.,* 87 Ohio State, 478.

construct a certain strawboard mill or plant, which agreement, as amended, stipulated that the fiber company would complete said plant within thirty days from and after September 6, 1890, "and that in the event that it failed so to complete said plant, the plaintiff should have the right to complete the same in accordance with the terms of the said contract and to be repaid by said the Central Paper & Fiber Company the expense so incurred.

The amended petition alleges further that:

"After the execution and delivery of the contract last above referred to said the Central Paper & Fiber Company failed to complete its said contract with the plaintiff within the time so agreed upon. Thereupon, pursuant to the provisions of said contract and with the consent of the defendant and the said fiber company, the plaintiff undertook the completion of the said plant."

Also that:

"The plaintiff was necessarily engaged in such performance of the said contract and in securing the completion thereof until after the first day of August, 1891, and some of the obligations incurred by it therein matured and were paid by it after such date."

This action was commenced July 20, 1906, which, it will be observed, is more than fifteen years after the date, to-wit, October 16, 1890, when the fiber company agreed to complete its work, and when upon the fiber company's default, the plaintiff entered upon the completion of the work, pursuant to the express terms of the contract. But the commencement of this action was less than fifteen years after the expiration of the period during which the plaintiff was necessarily engaged in finishing the work thus undertaken by it.

The defendant claims that the plaintiff's right of action upon the guaranty accrued simultaneously with its right of action against the fiber company, at the moment the latter was in default, upon its contract; that the right which the plaintiff thereafter exercised of completing the work and charging the cost thereof to the fiber company gave rise to no distinct right of action, but simply fixed the amount of the liability already in-

curred by the fiber company, and by its guarantor through its default; and that the rule of damages stipulated in the contract itself is substantially, if not exactly, the same as that which the law would have afforded had the contract been silent upon the subject.

It must be confessed that this construction of the contract and of the rights of the parties is at least plausible. We think, however, that the contract must be viewed as affording to the plaintiff, after it had availed itself of its right thereunder to complete the work and charge the cost thereof to the fiber company, a new and distinct right of action, to-wit, for work, labor and materials furnished at the special instance and request of the fiber company. True it might have sued the fiber company in damages for breach of contract, and the rule of damages would have been the same. But we see no reason to doubt that it had also the right to wait before bringing suit until it had incurred the cost and expense, and thereupon mould the allegations of its petition in such manner as to recover for its expenditures as such instead of as damages for breach of contract.

The defendant's guaranty extends to the contract generally. If the plaintiff had alternative rights of action against the fiber company under the contract, the same alternative is available against the fiber company's grantor.

It not frequently happens that to avoid the bar of the statute of limitations the plaintiff makes an election between the alternative remedies in certain cases; for example, where there has been a conversion of personal property plaintiff may waive the tort and sue as upon contract for the value of the goods taken. So, also, a passenger may have either his action in tort for personal injuries received by a carrier's negligence, or he may, probably if need be in order to avoid the bar of the statute of limitations, sue for breach by the carrier of its contract to use the utmost care to carry him safely.

These cases are, of course, not parallel to the one at bar, for the alternative here is not between an action *ex contractu* and one *ex delicto*. The action is in any case upon the guaranty of the fiber company's contract. But there was, we think, an election of remedies as aainst the fiber company, and the cause of

action must be deemed to have originated at one time or another, according to the election made. Thus viewing the matter, we hold that the action below was not barred by the statute of limitations, and that so far as this ground of demurrer to the amended petition is concerned, the court below erred in sustaining it.

It is said, however, that the error is not prejudicial because a further ground of demurrer which was disallowed by the court below ought rather to have been upheld, so that the demurrer was properly sustained, even though a wrong reason was assigned. This ground of demurrer is founded upon the contention that the defendant's guaranty was *ultra vires,* and therefore void, and a decision to that effect, reported in 62 Fed. Rep., 356, is called to cur attention. We can not reconcile the law of Ohio, as declared by our own Supreme Court with the contention thus made. The petition here alleges that at the time said contract of guaranty was made "practically all of the uncompleted portions of the said the Central Paper & Fiber Company's contract with the plaintiff required the furnishing and installing of machinery, tools and equipment, and in the manufacture and sale of which the defendant was engaged as a business and which it had contracted with said the Central Paper & Fiber Company to furnish for and install in said plant."

It appears from this and other averments that the defendant was directly interested in the carrying out of the contract between the plaintiff and the fiber company, so that its contract of guaranty can not be said to be utterly unconnected with its regular business or entirely outside of the scope of its corporate powers. It is of course true that a manufacturing corporation in Ohio has no express authority to enter into contracts of guaranty, but on the other hand, there is nothing in our laws expressly forbidding them so to do. Of itself such a contract is not immoral nor prohibited by law nor contrary to the public welfare. Unlike the federal courts the Supreme Court of this state has latterly given strong indication of its leaning to the modern doctrine that a corporate contract made without legislative sanction, and hence *ultra vires,* but neither *malum in se* nor expressly prohibited, is not *necessarily* illegal so as to preclude action upon it, and if it be fully performed on the part either of

the corporation or of the other contracting party, neither will be permitted to insist that the contract so performed by one party is outside the corporate power ot the company. *Hays* v. *Galion, etc., Co.*, 29 Ohio St., 330, 340; *Larwell* v. *Savings Fund Co.*, 40 Ohio St., 274, 285; *Ewing* v. *Bank*, 43 Ohio St., 31; *Conant* v. *Wright*, 1 Ohio St., 298; *Bank of Chillicothe* v. *Chillicothe*, 7 Ohio (part 2), 31.

Neither ground of demurrer to the amended petition below having been well taken, the demurrer should have been overruled, and the judgment of common pleas is accordingly reversed and the cause remanded, with instructions to that court to overrule the demurrer and to proceed further in the cause according to law.